# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY JOEANN PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 13-0561 |
| v. ) | Electronically Filed |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**I.     Introduction**

Plaintiff, Courtney Joeann Parker ("Plaintiff"), brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have filed Cross Motions for Summary Judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) will be denied, the Commissioner's Motion for Summary Judgment (Doc No. 9) will be granted, and the administrative decision of the Commissioner will be affirmed.

**II.    Procedural History**

Plaintiff protectively filed applications for DIB and SSI on April 28, 2010, alleging disability as of April 26, 2010. R. 17. The applications were denied by the state agency on July 13, 2010. R. 83–91. Plaintiff responded on July 15, 2010, by filing a timely request for an administrative hearing. R. 92–94. On June 21, 2011, a hearing was held in Seven Fields, Pennsylvania, before Administrative Law Judge ("ALJ") John Kooser. Plaintiff, who was

represented by counsel, appeared and testified. Patricia Murphy, an impartial vocational expert ("VE"), also testified. R. 27–73.

In a decision dated October 6, 2011, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Act. R. 14–26. The Appeals Council denied Plaintiff's request for review on February 15, 2013, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 1–4. Plaintiff commenced the present action on April 22, 2013, seeking judicial review of the Commissioner's decision. Doc No. 3. Plaintiff and the Commissioner filed Cross-Motions for Summary Judgment on August 19, 2013. Doc. Nos. 9, 11. These Motions are ripe for disposition and are the subject of this Memorandum Opinion.

### III. Statement of the Case

In his decision, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.

2. The claimant has not engaged in substantial gainful activity since April 26, 2010, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: back pain, bipolar disorder, posttraumatic stress disorder (PTSD), and history of alcohol abuse (20 C.F.R. § 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404,1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R.

404.1567(b) and 416.967(b) except the claimant is limited to no more than occasional postural activities such as climbing, bending, stooping, crawling, kneeling, and crouching. She is limited to jobs with no more than simple, routine, repetitive tasks in a low stress work environment, which is defined as no complex decisionmaking, no high volume productivity requirements, and very infrequent unexpected changes in the workplace. She is limited to jobs with no contact with the public, very infrequent and superficial contact with co-workers (it will not be necessary to interact with co-workers to carry out job duties), and no more than occasional interaction with supervisors.

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant was born on July 18, 1985 and was 24 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1565 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rule as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national

> economy that the claimant can perform (20 C.F.R. 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 26, 2010, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 19–25.

## IV. Standard of Review

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190–1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of*

*Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions; he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the

claimant can do his previous work; unless he shows that he cannot, he is
determined not to be disabled. If the claimant survives the fourth stage, the fifth,
and final, step requires the SSA to consider so-called "vocational factors" (the
claimant's age, education, and past work experience), and to determine whether
the claimant is capable of performing other jobs existing in significant numbers in
the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

When the case was first here, we emphasized a simple but fundamental rule of
administrative law. That rule is to the effect that a reviewing court, in dealing with
a determination or judgment which an administrative agency alone is authorized
to make, must judge the propriety of such action solely by the grounds invoked by
the agency. If those grounds are inadequate or improper, the court is powerless to
affirm the administrative action by substituting what it considers to be a more
adequate or proper basis. To do so would propel the court into the domain which
Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. It is on this standard that the Court has reviewed the parties' Cross-Motions for Summary Judgment.

## V.     Discussion

In support of her Motion for Summary Judgment, Plaintiff argues that the ALJ committed three reversible errors. Doc. No. 12. Specifically, Plaintiff contends that the ALJ improperly: (1) disregarded the medical opinion of Dr. Patricia Jarrett in violation of the Treating Physician Doctrine; (2) determined Plaintiff's residual functional capacity based on less than substantial

evidence; and (3) disregarded the testimony of the VE when determining Plaintiff's ability to perform other employment. The Commissioner argues that the ALJ's decision is supported by substantial evidence. Doc. No. 10.

**A.      The ALJ Sufficiently Accounted for the Opinion of Dr. Jarrett**

To be eligible for benefits, Plaintiff has the burden of demonstrating a medically determinable impairment that is so severe that it prevents her from engaging in any substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d) (2)(A); 20 C.F.R. §§ 404.1505, 416.905; *see Heckler v. Campbell*, 461 U.S. 458, 460 (1983). In deciding whether a claimant has met this burden, the ALJ must consider all the evidence of record, especially the testimony and findings of a claimant's treating physicians. *See, e.g.*, *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987). Plaintiff argues that this burden was satisfied by two reports prepared by Dr. Patricia Jarrett, Plaintiff's treating psychiatrist, but that these reports were rejected by the ALJ without any adequate reason for doing so. Doc No. 12, 13–15.

The two reports in question are Employability Assessment Forms completed for the Pennsylvania Department of Public Welfare, in which Dr. Jarrett marked Plaintiff as "Temporarily Disabled" due to post-traumatic stress disorder and "alcohol abuse in early sustained remission." R. 250–253. While Plaintiff is correct that the ALJ is required to give special weight to the medical opinions of a claimant's treating physician, the ALJ is not required to accept a physician's assertion that a patient is "disabled," because whether a claimant is "disabled" within the meaning of the Act is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1); *see also Adorno v. Shalala*, 40 F.3d 43, 47–48 (3d Cir. 1994) (citing *Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir. 1990)). Instead, the ALJ is only required to review the

medical findings and other evidence that support the physician's opinion of disability and provide reasoning if the findings are rejected. *Id.*

To the extent that the Employability Assessment Forms are evidence of Dr. Jarrett's medical opinions, the record indicates that the ALJ gave them appropriate weight. The ALJ found that Plaintiff suffers from post-traumatic stress disorder and a history of alcohol abuse, which are the only actual medical opinions contained in these forms. R. 19. The ALJ was also entitled to assign less weight to Dr. Jarrett's opinion expressed in the second form, since at that point Dr. Jarrett was no longer treating Plaintiff (the form itself indicates that the opinion was based only on a review of Plaintiff's medical history).

Plaintiff also claims that the ALJ gave improper weight to the opinion of the State agency reviewing psychologist, because her report was completed without reviewing Dr. Jarrett's Employability Assessment Forms. Doc. No. 12, 14. However, the same diagnoses noted in the Forms were present in earlier records, often in greater detail. *See, e.g.*, R. 211–226. Furthermore, the ALJ was entitled to make an independent assessment that the rest of the medical evidence in the record supported the reviewing psychologist's opinion, and a review of the record indicates that the ALJ appropriately took account of the complete medical evidence (including evidence not available to the reviewing psychologist) in doing so.

### B. The ALJ Properly Determined Plaintiff's Residual Functional Capacity

Plaintiff also argues that the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence. Doc. No. 12, 15–17. In support of this argument, Plaintiff correctly states that an ALJ's determination of a claimant's RFC must be supported by substantial evidence, and that the opinion of an examining physician is entitled to greater weight than that of a non-examining physician. *See, e.g., Fargnoli*, 247 F.3d at 43; *Plummer v. Apfel*,

186 F.3d 422, 429 (3d Cir. 1999). Yet, Plaintiff fails to indicate any evidence that was not adequately taken into account by the ALJ in his RFC determination.

Plaintiff points out several physical and mental impairments that were alleged in the hearing before the ALJ, which, if true, would contradict the ALJ's determination of Plaintiff's RFC (*e.g.*, that Plaintiff's mental health impairments would require her to miss at least two days of work per week). Doc. No. 12, 17. However, Plaintiff does not point to any medical evidence that supports these claims, and a review of the record reveals that the ALJ did not ignore any such evidence. The only evidence offered in support of this argument is Plaintiff's own testimony before the ALJ. *Id.* The ALJ is entitled to make his own determinations of the credibility of evidence, including the claimant's testimony, so long as this assessment is explained in his decision. *Fargnoli*, 247 F.3d at 41 (citing *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)).

In this case, the ALJ determined, after careful consideration of Plaintiff's testimony in light of her longitudinal medical record, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 23–24. After reviewing the medical evidence available before the ALJ, the Court finds that the ALJ's determinations regarding Plaintiff's RFC and the credibility of Plaintiff's testimony are supported by substantial evidence.

### C. The ALJ Appropriately Utilized the Testimony of the VE

Plaintiff finally argues that, in determining her ability to perform other employment, the ALJ relied on testimony given by the VE in response to a hypothetical question that did not accurately portray Plaintiff's physical and mental limitations. Doc No. 12, 18–19. It is well established that a "vocational expert's testimony concerning a claimant's ability to perform

alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." *Podedworney v. Harris*, 745 F.2d 210 (3d Cir. 1984). Despite Plaintiff's assertion, the record clearly demonstrates that the question posed to the VE accurately portrayed Plaintiff's physical and mental limitations as determined by the ALJ.

After questioning Plaintiff regarding her medical history and physical and mental limitations, the ALJ asked the VE to summarize Plaintiff's work history, along with the exertional and skill levels involved in each job; the VE's response is undisputed. R. 69. The ALJ then asked a series of hypothetical questions, including the following:

> [ALJ]: Would you please assume we have an individual of the claimant's age, education, the past work experience you just described? Would you assume this individual is limited to light work? No more than occasional activities of, you know, postural activities such as climbing, bending, stooping, crawling, kneeling, crouching. The individual is also limited to jobs involving no more than simple, routine, repetitive tasks in a low-stress work environment, which I define as no complex decision-making, no high-volume productivity requirements, very infrequent unexpected changes in the workplace. The claimant's limited to jobs involving no contact with the public, very infrequent unexpected -- I'm sorry, very infrequent superficial contact with co-workers. It would not be necessary to interact with co-workers to carry out job duties. And no more than occasional interaction with supervisors. Could this individual perform any of claimant's past work?
> [VE]: No. They could not.
> [ALJ]: Would there be any jobs that this individual could perform?
> [VE]: Yes. There would be. [The VE proceeded to list several jobs that exist in substantial numbers in the national economy].

R. 69–70. The limitations included by the ALJ in his question are the exact same limitations that the ALJ determined the Plaintiff suffers from in his determination of Plaintiff's RFC. R. 21. Since the hypothetical posed to the VE mirrors the physical and mental limitations of the Plaintiff (as determined by the ALJ), the ALJ was entitled to rely on the VE's testimony in determining whether Plaintiff was able to perform any jobs that exist in the national economy.

Plaintiff cites to several other portions of the VE's testimony, given in response to other hypothetical questions posed by the ALJ, in support of her assertion that the ALJ "ignored the answers provided by the Vocational Expert in his ultimate conclusions." Doc No. 12, 18–19. While this testimony is more favorable to Plaintiff's case, the hypothetical questions upon which it is based do not reflect Plaintiff's limitations, but instead reflect several limitations that Plaintiff claims are supported, but the ALJ found were not supported by the record. At the time these questions were posed, the ALJ had not made a determination regarding Plaintiff's RFC, and thus he elicited a range of potentially useful testimony from the VE. After determining Plaintiff's RFC, the ALJ was bound to rely only on that testimony which was based on a hypothetical question matching the RFC. *See Podedworney*, 745 F.2d at 218. While Plaintiff may disagree with the ALJ's RFC determination, which underlies the question posed to the VE, this determination is nonetheless supported by substantial evidence for the reasons cited above. *See* § V(B), *supra*.

## VI. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's administrative decision will be affirmed. An appropriate Order follows.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:   All Registered ECF Counsel and Parties